UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| RAMIRO RODRIGUEZ-CARILLO,<br><br>Petitioner,<br>v.<br><br>WARDEN GARRETT, et al.,<br><br>Respondents. | Case No. 3:20-cv-00267-RCJ-WGC<br><br>ORDER |

This is an action for habeas relief under 28 U.S.C. § 2254 brought by Ramiro Rodriguez-Carillo, a Nevada prisoner. Respondents have filed a motion to dismiss Rodriguez-Carillo's petition for writ of habeas corpus. ECF No. 10. As the bases for their motion, respondents contend that the petition is time barred by 28 U.S.C. § 2244(d) and wholly unexhausted. Rodriguez-Carillo has not filed an opposition to the motion. Because respondents' timeliness argument is meritorious and unopposed, the petition will be dismissed.

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) imposes a one-year filing period for § 2254 habeas petitions in federal court. 28 U.S.C. § 2244(d)(1). The one-year period begins to run from the latest of four possible triggering dates, with the most common being the date on which the petitioner's state court conviction became final (by either the conclusion of direct appellate review or the expiration of time for seeking such review). *Id*. Statutory tolling of the one-year time limitation occurs while a "properly filed" state post-conviction proceeding or other collateral review is pending. 28 U.S.C. § 2244(d)(2). In addition, the statute of limitations "is subject to equitable tolling in appropriate cases." *Holland v. Florida*, 560 U.S. 631,

646 (2010). Equitable tolling is only appropriate, however, if the petitioner can show that: (1) that he has been pursuing his rights diligently, and (2) some extraordinary circumstance stood in his way and prevented timely filing. *Id*. at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

Here, the Nevada Court of Appeals affirmed Rodriguez-Carrillo's conviction on February 17, 2016. ECF No. 12-9. He did not seek further direct review, so his conviction became final 90 days later, on May 18, 2016. *See* 28 U.S.C. § 2244(d)(1)(A); *Jimenez v. Quarterman*, 555 U.S. 113, 120 (2009). His subsequent attempts at collateral review were not initiated prior to the expiration of the one-year statutory period. *See* ECF Nos. 12-12, 12-29. Thus, his federal petition, effectively filed on April 30, 2020, is untimely. *See Lott v. Mueller*, 304 F.3d 918, 920 (9th Cir. 2002) ("A state prisoner challenging a non-capital state conviction or sentence must file a federal petition within one year from 'the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review.'" (quoting § 2244(d)(1)(A))).

**IT IS THEREFORE ORDERED** that the respondents' motion to dismiss (ECF No. 10) is GRANTED. Rodriguez-Carillo's petition for writ of habeas corpus (ECF No. 6) is DISMISSED as untimely. The Clerk shall enter judgment accordingly and close this case.

**IT IS FURTHER ORDERED** that a certificate of appealability will not issue as jurists of reason would not find the court's dismissal to be debatable or incorrect.

**IT IS FURTHER ORDERED** that respondents' motion for leave to file exhibit under seal (ECF No. 13) is GRANTED.

DATED THIS 24th day of February, 2021.

_____
UNITED STATES DISTRICT JUDGE